IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**BRANDON DOUGLAS CAMPBELL,**

    **Petitioner,**

v.

**AMY PIERCE,**

    **Respondent,**

Case No. 24-CV-423-JFH-GLJ

## OPINION AND ORDER

Petitioner Brandon Douglas Campbell ("Campbell") is a *pro se* pretrial detainee who is incarcerated at the Choctaw County Jail in Hugo, Oklahoma. *See* Dkt. No. 1. Campbell filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 25 U.S.C § 1303, seeking relief for his criminal prosecution and pretrial detention in Choctaw Nation District Court Case Nos. CF-23-0744 and CF-24-044.[1] *Id.* at 2. Respondent filed a Motion to Dismiss arguing Campbell failed to exhaust his tribal remedies. Dkt. Nos. 11 and 12.

## BACKGROUND

Campbell advances the following claims: (1) unlawful arrest and prosecution by tribal prosecutor who did not have a required tribal bar license; (2) denial of due process when there was a defective notice of hearing and false information from the tribal court and an order and judgment of forfeiture of bonds for failing to appear on that date, when the actual date was for March 13, 2024 for his preliminary hearing conference date; (3) ineffective assistance by counsel and lack of due diligence and fair representation by court appointed counsel; and (4) his efforts to obtain relief

---

[1] Respondent notes Campbell is also detained pursuant to Choctaw Nation District Court Case No. CF-24-105. Dkt. No. 12 at 2.

from the Choctaw Nation District Court and the jail have not been answered or investigated fully. *See* Dkt. No. 1 at 5-7.[2] Campbell alleges he presented these issues to the Choctaw Nation District Court, Choctaw County jail admin. and the United States District Court for the Eastern District of Oklahoma. *Id.* at 2. Campbell alleges the United States District Court for the Eastern District of Oklahoma instructed him that his "claims must be presented in a petition for writ of habeas corpus."[3] Campbell requests this Court investigate all aspects of his claims. *See id.* at 7.

As noted, Respondent contends Campbell failed to exhaust his tribal remedies requiring dismissal of the instant Petition. *See* Dkt. Nos. 11 and 12. Campbell did not file a Response to Respondent's Motion to Dismiss.

## DISCUSSION

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).

> Despite § 1303's lack of an express exhaustion requirement, this court has suggested that § 1303 petitioners must exhaust tribal court remedies. *See Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir.1999) (reversing and remanding the dismissal of a habeas corpus petition for "the district court [to] consider, in the first instance, whether Petitioners have sufficiently exhausted their tribal remedies"); *Harvey ex rel. Chavez v. Star*, 1996 WL 511586, at *1 n.2 (10th Cir. Sept. 10, 1996) (unpublished) (stating that "the exhaustion requirement controlling our disposition under [28 U.S.C.] § 1331 applies as well to § 1303").

*Valenzuela v. Silversmith*, 699 F.3d 1199, 1206 (10th Cir. 2012).

A review of the Petition reveals Campbell has only sought relief from the Choctaw Nation District Court and the jail itself. *See* Dkt. No. 1. There is no allegation that he has sought relief

---

[2] The Court's citations refer to CM/ECF header pagination.
[3] The court stated, "Plaintiff may present his claims in a petition for writ of habeas corpus … after exhaustion of remedies[.]" Opinion and Order, *Campbell v. Choctaw Nation District Court, et al.*, Case No. 24-CV-380-RAW-JAR (E.D. Okla. Oct. 15, 2024), Dkt. No. 4.

from the Choctaw Nation's Court of Appeals. *See id.* Further, Campbell does not contest Respondent's position that he has failed to exhaust his tribal remedies. Nor does Campbell establish any of the exceptions to exhaustion apply. *See Valenzuela,* 699 F.3d at 1207. Accordingly, this action shall be dismissed without prejudice for Campbell's failure to exhaust his tribal court remedies. *See Danderson v. Page*, Case No. 24-CV-208-JFH-GLJ, 20224 WL 3913051 (E.D. Okla. Aug. 20, 2024) (Dismissing pretrial detainee's § 1303 petition for writ of habeas corpus for failure to exhaust tribal remedies).[4]

## CONCLUSION

IT IS THEREFORE ORDERED that Respondent Amy Pierce's Motion to Dismiss [Dkt. No. 11] is GRANTED; Petitioner Brandon Douglas Campbell's Petition [Dkt. No. 1] is DISMISSED without prejudice; and a separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that the Clerk of Court shall send a file-stamped copy of this Opinion and Order and an updated docket sheet to Campbell.

Dated this 22nd day of December 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).